# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                   Case No. 19-10092-01-JWB

NYRON J. BOWEN,

      Defendant.

## MEMORANDUM AND ORDER

Before the court is Defendant's motion for release from custody. (Doc. 35.) The government has filed a response. (Doc. 37.) No reply has been filed and time for doing so has expired, meaning the motion is now ripe for decision. For the reasons stated below, Defendant's motion for release from custody is DISMISSED WITHOUT PREJUDICE.

Defendant pled guilty to one count of bank fraud (18 U.S.C. § 1344(1)) and was sentenced on March 2, 2020, to 15 months imprisonment. (Doc. 33.) On April 14, 2020, Defendant filed a motion for release from custody, which alleges that Defendant's mother is sick and that, due to the coronavirus pandemic, Defendant has not been allowed to see her. (Doc. 35 at 1.) Defendant also indicates he has been reflecting on his life and regrets making choices that have separated him from his family. Defendant asks for a sentence modification that would allow him to spend time with his mother. (*Id.*)

The court's authority to modify a sentence once it has become final is narrowly circumscribed. *See* 18 U.S.C. §3582(c). *See also United States v. Streett,* ___ F. Supp.3d ___, 2020 WL 495402, *5 (D. N.M. Jan. 30, 2020) (citations omitted.) The court construes Defendant's

motion as one for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A)(i), which allows a court to modify a term of imprisonment if certain factors are met, and if "extraordinary and compelling reasons" warrant such a reduction.  Aside from the very limited nature of "extraordinary and compelling" reasons, however, such a motion may not even be addressed by a court except upon a motion of the Director of the Bureau of Prisons, or upon a motion by a defendant after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…." *Id. See United States v. Benimon,* 2020 WL 3469686, *1 (D. Kan. June 25, 2020) (exhaustion requirement is jurisdictional.)

Defendant has not alleged that he submitted his request to the warden of his facility or that 30 days from the receipt of such a request has passed.  Accordingly, the court is without jurisdiction to address the merits of his request.

IT IS THEREFORE ORDERED this 30th day of June, 2020, that Defendant's motion for release from custody (Doc. 35) is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE